**RAYTHEON COMPANY, Plaintiff,**

v.

**COMPUTER DISTRIBUTORS, INC., Hubco Data Products Corp., and Interactive Business Systems, Inc., Defendants.**

**Civ. A. No. 85–2836–W.**

United States District Court,
D. Massachusetts,

April 8, 1986.

Joseph D. Steinfield, Hill & Barlow, Boston, Mass., for plaintiff.

Richard W. Giauque, Giauque & Williams, Salt Lake City, Utah, Samual Hoar, Goodwin, Procter & Hoar, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

WOLF, District Judge.

Plaintiff Raytheon Companies ("Raytheon") brought this action seeking to confirm an Arbitration Decision and Award entered on July 5, 1985 (the "Award"), awarding $1,415,448.97 plus interest to Raytheon for breach of contract and awarding defendant Computer Distributors, Inc. and related entities ("CDI") $900,-000 in damages, pursuant to Massachusetts General Laws ch. 93A. CDI opposed confirmation and subsequently moved that the Award be vacated in part.

CDI does not contest the award of $1,415,448.97 to Raytheon. CDI does, however, contest on two grounds the award of damages in its favor under ch. 93A, which

it regards as too low. First, CDI claims that the arbitrators did not, as required, reach a majority decision with respect to the amount of ch. 93A damages. Therefore, CDI asks that this aspect of the Award be vacated and the issue of ch. 93A damages be remanded to the arbitrators. Second, CDI claims that the arbitrators manifestly disregarded applicable law in finding they were not empowered to grant CDI attorneys fees under ch. 93A. Therefore, CDI asks that this finding be reversed and that the court either determine the amount of attorneys fees to be awarded or, alternatively, remand to the arbitrators the question of the amount of attorneys fees to be awarded.

For the reasons set forth below, each of CDI's requests is denied and the Award is confirmed.

## I. *Facts*

In 1983, Raytheon, a Massachusetts computer manufacturer, settled a potential claim CDI, a computer sales company, allegedly had against Raytheon based on a failure to disclose defects in its products. As part of the settlement, Raytheon contracted to provide CDI with an exclusive distributorship of a new line of products. CDI received loans and inventory in conjunction with this agreement. Several months later, Raytheon decided to discontinue the sale of the products CDI expected to distribute. Pursuant to the provisions of its contract with Raytheon, CDI demanded arbitration under the Rules of the American Arbitration Association ("AAA") of all of the ensuing claims between the parties, including the Mass.Gen.Laws ch. 93A claim which generated the issues now presented to this court.

The AAA Rules under which the now disputed arbitration was conducted contained several provisions particularly pertinent to this case. Paragraph 28 states:

Whenever there is more than one Arbitrator, all decisions of the Arbitrators must be by at least a majority. The award must also be made by at least a majority unless the concurrence of all is expressly required by the arbitration agreement or by law.

Paragraph 42 provides:

The award shall be in writing and shall be signed either by the sole Arbitrator or by at least a majority if there be more than one. It shall be executed in the manner required by law.

Paragraph 47(c) states:

Parties to these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any Federal or State Court having jurisdiction thereof.

Paragraph 53 provides:

The Arbitrator shall interpret and apply these Rules insofar as they relate to the Aribtrator's powers and duties. When there is more than one Arbitrator and a difference arises among them concerning the meaning or application of any such Rules, it shall be decided by a majority vote. If that is unobtainable, either an Arbitrator or a party may refer the question to the AAA for final decision. All other Rules shall be interpreted and applied by the AAA.

Appointed as arbitrators in this matter were Walter McLaughlin, the former Chief Justice of the Massachusetts Superior Court, Jacob Lewiton, another former Massachusetts judge, and Terry Segal, a Massachusetts attorney.

In their Joint Stipulations of Law and Statement of the Issues submitted to the arbitrators the parties agreed that, "Massachusetts law governs all claims raised by Claimant [CDI] and Respondent [Raytheon] in this arbitration proceeding." They also articulated ten separate issues for the arbitrators to decide. Two distinct but related questions for the arbitrators are implicated in this action. Presented as Issue 5 was the question:

5. Whether Raytheon violated Mass. G.L. ch. 93A, § 2 and § 11 by virtue of acts or omissions related to its decision announced on May 18, 1984 that Raytheon Data Systems would cease the manufacture, distribution, and sale of

data processing and word processing products, and if so, whether it did so knowingly or wilfully as these terms are used in Mass.G.L. ch. 93A.

Presented as Issue 6 was the question:

6. If Raytheon is found liable to Claimant, whether Claimant has adequately established damages and, if so, the amount thereof.

After lengthy hearings, the arbitrators decided the case on July 5, 1985. On that date they signed and issued four documents captioned respectively, "Arbitrator Decision and Award," "Award of Arbitrator(s)," "Concurrence of Terry Phillip Segal," and "Concurrence and Dissent of Walter J. McLaughlin, Sr., Arbitrator." The Arbitrators' Decision and Award and the Award of Arbitrator(s) were signed by Judge Lewiton and Mr. Segal. Mr. Segal also signed his Concurrence. Judge McLaughlin signed his Concurrence and Dissent. The court finds that, as CDI at least initially conceded, the Award in this case consists of these four documents. *See* Memorandum of Points and Authorities in Support of Defendants' Motion to Vacate Arbitration Award, page 2, n. 1.

With regard to Issue 5, Judge Lewiton and Mr. Segal found that Raytheon violated Mass.Gen.Laws ch. 93A. Arbitrators' Decision and Award at 27; Concurrence of Terry Phillip Segal. Judge McLaughlin disagreed. Concurrence and Dissent of Walter H. McLaughlin, Sr., Arbitrator at 1 *et seq.*

With regard to Issue 6, Judges Lewiton and McLaughlin found that CDI was entitled to recover damages of $900,000 caused by Raytheon's violation of Mass.Gen.Laws ch. 93A. Arbitrators' Decision and Award at 30; Concurrence and Dissent of Walter H. McLaughlin, Sr., Arbitrator at 1. In his Concurrence, Mr. Segal stated that he believed CDI was entitled to recover damages in excess of $900,000 and, therefore, dissented from the award of $900,000 to CDI.

In addition, the arbitrators unanimously agreed that in view of the rationale of the Massachusetts Supreme Judicial Court's decision in *Floors, Inc. v. B.G. Danis of New England, Inc.,* 380 Mass. 91, 401 N.E.2d 839 (1980), Mass.Gen.Laws ch. 93A did not authorize an award of attorneys fees by arbitrators. Arbitrators' Decision and Award at 31–32. Thus, CDI's request for attorneys fees was denied.

## II. *Discussion*

It is evident that when the four documents comprising the Award in this case were signed and issued on July 5, 1985, the three arbitrators believed that they had appropriately decided all of the issues presented to them and that their task was complete. CDI now contends, however, that the Award is in excess of and contrary to the arbitrators' powers as well as incomplete, because: (1) the award of $900,000 damages was not made by a majority of the arbitrators as Judge McLaughlin, by virtue of his dissent concerning liability, could not properly participate in deciding the amount of damages and Judge Lewiton and Mr. Segal did not agree on an amount; (2) the document captioned "Award of Arbitrators" was not signed by a majority of arbitrators as required by the AAA rules; and (3) the decision that the arbitrators could not award attorneys fees for a violation of Mass.Gen.Laws ch. 93A was contrary to public policy and in manifest disregard of applicable law and the policies under the Federal Arbitration Act. The court finds each of these contentions to be without merit.

### A. *The Applicable Standard of Review*

CDI seeks to have the Award in this case vacated pursuant to 9 U.S.C. § 10(d), which provides that a court may issue an order vacating an arbitrators' award, "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

This court's role in reviewing the arbitrators' explicit and implicit decisions in this case is limited. The Court of Appeals for the First Circuit has plainly stated that:

A federal court is empowered to vacate an arbitrator's award only on the grounds specified in 9 U.S.C. § 10. As this court noted in *Local Union No. 251, International Brotherhood of Teamsters v. Narragansett Improvement Co.,* 503 F.2d 309 (1st Cir.1974): "The courts are precluded from considering factual or legal issues which are by voluntary agreement made the subject of arbitration. Judicial intrusion is restricted to extraordinary situations indicating abuse of arbitral power or exercise beyond the jurisdiction of the arbitrator." *Mobil Oil v. Oil, Chemical and Atomic Workers International Union,* 600 F.2d 322, 326 (1st Cir.1979). "[I]nterpretations of the law by the arbitrators in contrast to manifest disregard are not subject, in federal courts, to judicial review for error in interpretation." *Wilko v. Swan,* 346 U.S. 427, 436–37, 74 S.Ct. 182, 187, 98 L.Ed. 168 (1953). This strict standard of review is essential to effectuate the purpose of the laws permitting arbitration as "an opportunity generally to secure prompt, economical, and adequate solutions of controversies through arbitration if the parties are willing to accept less certainty of legally correct adjustment." *Id.,* 346 U.S. at 438, 74 S.Ct. at 188.

Further refining these concepts, the Court of Appeals for the First Circuit has instructed that the district courts:

> [M]ay review and set aside an arbitrator's decision only if the decision was (1) unfounded in reason in fact; (2) based on reasoning so faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact.

*Local 1445, United Food and Commercial Workers International Union, AFL–CIO v. The Stop & Shop Companies, Inc.,* 776 F.2d 19, 21 (1st Cir.1985), (citing the holding in *Bettencourt v. Boston Edison Co.,* 560 F.2d 1045 (1st Cir.1977)).

Application of these standards to the issues involved in this case indicates that the Award must be affirmed.

### B. *The Award of $900,000*

As indicated earlier, with regard to Issue 6, Judges McLaughlin and Lewiton agreed that $900,000 was the appropriate amount of damages to be awarded for the Mass.Gen.Laws ch. 93A violation by Raytheon found by Judge Lewiton and Mr. Segal, but not Judge McLaughlin, in response to Issue 5; Mr. Segal felt that at least $900,000 damages were suffered but that a greater amount was necessary to compensate CDI fully. Defendant contends that in awarding only $900,000 damages the arbitrators exceeded their power because it was impermissible for Judge McLaughlin to participate in deciding damages since he did not concur in the finding of liability.

The question presented is whether the governing AAA Rules agreed to by the parties permit different majorities when, as here, distinct but related issues such as liability and damages are presented. The AAA Rules do not expressly address this issue. Paragraph 53 of the AAA Rules provides, however, that the arbitrators "shall interpret and apply these rules insofar as they relate to the Arbitrators' powers and duties." It is evident that the arbitrators here believed that the AAA Rules permitted different majorities on Issues 5 and 6.[1] This finding is a classic instance of "interpretation," rather than manifest disregard of the law, by the arbitrators. This court does not find this interpretation to be "so faulty that no judge or group of judges ever could conceivably have made such a ruling." *Local 1445,* 776 F.2d at 21. Indeed, where, as here, the issues of liability and damages are present-

---

1. On the issue of Mass.Gen.Laws ch. 93A damages, the Arbitrators' Decision and Award states:
   2. Claimant is entitled to recover damages in the amount of $900,000 on account of loss of profits attributable to violations of Chapter 93A by Raytheon as described above. (Note: This determination as to the amount of such damages recoverable by Claimant is that of a different majority of the arbitrators.)
   Arbitrators' Decision and Award at 30.

ed as separate questions, this interpretation seems reasonable. In any event, the arbitrators' decision was "well within [their] 'great latitude in construing ambiguous language.' *Hoteles Condado Beach v. Union de Tronquistas Local 901*, 763 F.2d 34, 37." *Local 1445*, 776 F.2d at 22. Thus, it would be inappropriate for the court to now second-guess and reverse the interpretation of the arbitrators. *Id.* at 21–22; *Wilko*, 346 U.S. at 436–37, 74 S.Ct. at 187.[2]

■ CDI's contention that the Award is invalid because it is not signed by a majority of the arbitrators is also unpersuasive. Paragraph 43 of the AAA Rules does require that an award be in writing and signed by a majority of the arbitrators. It does not, however, require that an award be in the form of a single document signed by each of, or a majority of, the arbitrators. Once again, this is a matter of interpretation for the arbitrators. The court does not find their evident understanding that the signature of Judge McLaughlin on his concurrence was sufficient to complete execution of the award to be "palpably faulty." *Local 1445*, 776 F.2d at 21. Rather, as initially conceded by CDI, the court has found that the Award in this case consists of the four documents and, therefore, the Award is signed by all three arbitrators.[3]

## C. *The Attorneys' Fees*

CDI also asks that this court vacate the arbitrators' decision that they were not empowered to award attorneys' fees for a violation to Mass.Gen.Laws ch. 93A, § 11 although a court would be obliged to do so if the violation had been established through litigation rather than by arbitration.[4]

■ First, CDI contends that while the amount of attorneys' fees to be awarded was an issue presented for decision by the arbitrators, the question of their authority to award attorneys' fees was not presented to them and, therefore, the arbitrators exceeded their jurisdiction in deciding that they lacked authority to award such fees. A decision beyond the scope of the issues submitted for decision by the arbitration panel does exceed the powers conferred upon them by the parties and should be vacated under § 10(d) of the Federal Arbitration Act. *Courier-Citizen v. Boston Electrotypers Union No. 11*, 702 F.2d 273, 281 (1st Cir.1983); *Totem Marine Tug & Barge v. North American Towing, Inc.*, 607 F.2d 649, 651 (5th Cir.1979). This is not, however, such a case.

The court finds that if the issue of attorneys' fees was presented to the arbitrators at all, it included the question of their authority to award such fees. There is no mention of attorneys' fees in the ten questions stated in the Joint Stipulations of Law and Statement of Issues. On the last day of the hearings, the issue of an award of attorneys' fees for any violation of Mass. Gen.Laws ch. 93A which might be found by the arbitrators was raised by CDI. Ray-

---

**2.** It also appears that the two arbitrators who agreed that Raytheon violated Mass.Gen.Laws ch. 93A also agreed that this violation caused $900,000 damage, but felt at the completion of their task that they could not agree on whether more damage had been caused. This could have provided an alternative majority for the $900,000 Award. As the arbitrators did not, however, construe their decision in this manner, the court does not rely on this interpretation of their conduct in reaching its decision.

**3.** Moreover, a majority of the arbitrators— Judge Lewiton and Mr. Segal—did sign the document captioned "Award of Arbitrator(s)" which CDI now contends is alone the "award" described in Paragraph 43 of the AAA Rules. It would be inappropriate to adopt CDI's conten-

tion that Mr. Segal's signature on that document should be disregarded because of his dissent on damages without further reforming it by interpreting it as if Judge McLaughlin had signed the document by virtue of his concurrence on that issue. The fact that the Award has been determined to be comprised of all four documents, however, obviates the need to do either.

**4.** Mass.Gen.Laws ch. 93A, § 11 provides in pertinent part that:

If the *court* finds in any action commenced hereunder, that there has been a violation of section two, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorneys' fees and costs incurred in said action. [Emphasis added]

theon's counsel orally questioned whether the panel had "any such power." Transcript of May 22, 1985 at 23–160, Appendix to Raytheon's Opposition to Motion to Vacate Arbitration Award, Tab B. Memoranda relating to the possible award of attorneys' fees were submitted by the parties. In its submission, Raytheon asserted that the arbitrators were not authorized to award attorneys' fees. CDI did not respond to this contention. The arbitrators ultimately found for Raytheon on this issue. Thus, to the extent that the evolution of the issues presented to the panel included attorneys' fees at all, it included the question of the panel's power to award them and the arbitrators did not exceed their authority in deciding this issue.

Second, CDI contends that the arbitrators' decision that they lacked authority to award attorneys' fees is contrary to public policy and in manifest disregard for the law. If established, this would provide a permissible basis for vacating the award. *Wilko*, 346 U.S. at 436, 74 S.Ct. at 187. The parties, however, stipulated that Massachusetts law would govern all claims raised by the parties in the arbitration proceeding. The arbitrators focused on Massachusetts law in addressing the issue of attorneys' fees and found:

> Section 11 of Chapter 93A provides that if the court finds in any action commenced thereunder that there has been a violation of section 2, the court shall award "reasonable attorneys' fees and costs incurred in said action." We, as arbitrators, would normally be disposed to make a similar award pursuant to that statutory provision. However, we are of the opinion that the rationale of the Supreme Judicial Court of Massachusetts in the case of *Floors, Inc. v. B.G. Danis of New England, Inc.*, 380 Mass. 91 [401 N.E.2d 839] (1980), involving the application of a comparable statute, precludes our making an award of attorneys' fees to [CDI].

Arbitrators' Decision and Award at 30–31.

In *Floors*, the Massachusetts Supreme Judicial Court decided that because the Massachusetts statute governing commercial arbitration, Mass.Gen.Laws ch. 251, § 10, does not allow attorneys' fees to be awarded in arbitration, another statute permitting a court to award attorneys fees should not be construed to allow arbitrators enforcing that statute to do so absent a clear indication of legislative intent to overpower the policy expressed in ch. 251, § 10. *Floors*, 380 Mass. at 97, 401 N.E.2d 839. The court finds the decision of the arbitrators, who included two former Massachusetts judges, is not "palpably faulty" with regard to whether Mass.Gen.Laws ch. 93A, § 11 permits arbitrators to award attorneys' fees. *Local 1445*, 776 F.2d at 21.

CDI contends, however, that the arbitrators' decision is in manifest disregard of the Federal Arbitration Act and contrary to the public policy promoted by that statute. The Federal Arbitration Act, rather than the Massachusetts counterpart, does govern the decision of this court in this case. It is ch. 93A, a Massachusetts statute, however, which would create any right of CDI to recover attorneys' fees in this matter. The arbitrators, acting within the range of their discretion to interpret Massachusetts law, found that the statute does not create such a right. Thus, in essence, by agreeing to arbitration of its Mass.Gen.Laws ch. 93A claim, CDI agreed, wittingly or unwittingly, to waive any right it might otherwise have had to attorneys' fees. In a comparable case involving the question whether arbitrators could award punitive damages under New York law, the Court of Appeals for the Seventh Circuit stated:

> Perhaps the Piersons did not realize that punitive damages are not permitted in arbitration under New York law (we cannot tell on the record before us), but they were aware that the law of New York was to apply exclusively....The Piersons cannot use their failure to inquire about the ramifications of that clause to avoid the consequences of agreed to arbitration.

*Pierson v. Dean Witter Reynolds, Inc.*, 742 F.2d 334, 339 (7th Cir.1984). This ob-

servation is equally applicable to CDI in this case.

■ Nevertheless, this court has considered whether the finding that arbitrators lacked authority to award attorneys' fees in this case manifestly disregarded the provisions of, or public policies to be promoted by, the Federal Arbitration Act. The court finds it does not. That statute is intended to permit and encourage arbitration. It does not expressly provide for an award of attorneys' fees in arbitration proceedings. Absent statutory authorization, attorneys' fees are not ordinarily awarded in federal litigation. There is no federal statute establishing a right to attorneys' fees for a violation of Mass.Gen.Laws ch. 93A, § 11 under any circumstance and, as explained earlier, the arbitrators have appropriately found that the Massachusetts statute does not permit them in the circumstances of this case. Neither the parties nor the court has found any case holding that arbitrators must, or even may, award attorneys' fees to effectuate the purposes of the Federal Arbitration Act when the statute creating the right violated does not authorize such an award. It is at least equally arguable that removing the complex, expensive and time-consuming issue of attorneys' fees from arbitration proceedings facilitates the prompt and efficient resolution of claims which arbitration is intended to provide. Therefore, the court finds that the panel's decision in this case does not manifestly disregard either the provisions of, or public policy promoted by, the Federal Arbitration Act.

Finally, CDI asserts that if the arbitrators lacked authority to award attorneys' fees for the Mass.Gen.Laws ch. 93A violation which they found, this court should receive evidence and determine the appropriate amount of attorneys' fees to be awarded to CDI. There is, however, no authority for such action under state or federal law.

■ The Federal Arbitration Act makes no provision for taking evidence on an issue such as attorneys' fees. The court is empowered to confirm the Award, to va-

cate it on specifically enumerated, narrow grounds, or to modify or correct the award in the event of a technical miscalculation or imperfection as to form. *See* 9 U.S.C. §§ 9, 10, and 11. There is no mechanism for a trial of factual issues. In the absence of any such statutory authority, the court is powerless to receive evidence concerning attorneys fees and award an amount it would find appropriate.

■ Moreover, the rationale of the *Floors* decision itself precludes an award of fees in this case by either a court or the arbitration panel. In *Floors*, the arbitrator made no award regarding fees. In connection with its motion to confirm the award, however, the prevailing party filed a motion for attorneys' fees. The Massachusetts Superior Court granted the motion for fees under the public bond statute, Mass.Gen.Laws ch. 149, § 29, and rendered an award after a hearing. It was this judicial attempt to award fees for services rendered during the arbitration which was reversed by the Supreme Judicial Court. *Floors*, 380 Mass. at 96, 401 N.E.2d 839. Thus, the Massachusetts statute, which is the sole source of possible authority for awarding attorneys fees to CDI in this dispute, does not authorize such an award by this court in the circumstances of this case.

### III. *Conclusion*

For the foregoing reasons, Raytheon's request to confirm the Award is hereby ALLOWED and CDI's request to vacate the Award is hereby DENIED.