Doyle, P. J.
This appeal raises a question of first impression in Massachusetts as to whether a consumer, who has successfully utilized G.L. c.90, §7NM¡ (New Car Lemon Law) state-certified arbitration procedures to obtain a full refund from an automobile manufacturer for a non-conforming motor vehicle, may subsequently maintain a separate action against the manufacturer pursuant to G.L. c. 93A for the sole purpose of recovering attorneys’ fees incurred in pursuing arbitration. We hold that attorneys’, fees are not recoverable in a separate G.L. c.93A action subsequent to a consumer’s acceptance of a G.L. c.90, §7N‘/2 manufacturer’s motor vehicle refund.
This matter was tried upon a “Joint Stipulation as to Matters of Fact” which indicated the following: Plaintiff Roberta Schultz (“Schultz”) purchased a new, *4 1985 Subaru GL from the defendants’ (“Subaru”) authorized dealer, Boston Subaru, on April 12,1985. Schultz immediately experienced mechanical arid other problems with the vehicle, and attempted on three separate occasions to have the car repaired by Subaru’s dealer. The vehicle remained out of service during these repair periods for at least fifteen days.
In February, 1986, Schultz retained present counsel to assist her in resolving this dispute. Plaintiffs counsel sent two letters to Subaru and its authorized dealer to notify them of their opportunity to attempt a final repair of Schultz’ vehicle. Such attempt proved unsuccessful, and plaintiffs counsel tendered the non-conforming vehicle back to the defendant by letter dated March 10, 1986. On April 29, 1986, plaintiffs counsel sent written demands for relief pursuant to G.L. C.93A, §9 to both defendants. Subaru of New England, Inc. made no response to Schultz’ G.L. C.93A demand fetter. Subaru of America, Inc. responded only by indicating that it would forward Schultz’ letter to its distributor, Subaru of New England, Inc.
On June 27, 1986,[2] Schultz requested state-certified, new car arbitration pursuant to G.L. c.90, § 7N]A After hearing and by decision dated September 9, 1986, the arbitrator directed the defendants to accept the return of Schultz’ vehicle and to pay her $11,165.78, which included $1,252.00 in finance charges; $535.00 in sales tax and $20.00 in registration fees. The defendants paid Schultz the full amount of the arbitration award and accepted the return of the vehicle within twenty days of the arbitrator’s decision as mandated by G.L. c.90, § 7Ní4(6). The parties’ Joint Stipulation indicates that the defendants satisfied the arbitration award in the belief that such payment released them from any further liability to the plaintiff with respect to her vehicle.
Approximately one year later, on October 30, 1987, Schultz instituted this G.L. C.93A, §9 suit to recover $2,490.00 in attorney’s fees for services rendered between February 3, 1986 and October 8, 1986. Subaru answered that the recovery sought by Schultz was unavailable under G.L. c.93A, G.L. c.90, §7N!¿ or Massachusetts common law; and that Schultz’ pursuit of state-certified arbitration and acceptance of an award was res judicata of her G.L. C.93A claim and constituted a binding election of remedies.
Judgment was entered for the defendants, and Schultz thereafter requested an appeal to this Division.
1. The established rule in Massachusetts is that a party must bear his own legal expenses in the absence of a statute, contract provision or stipulation which permits an award of counsel fees. See, e.g., Fuss v. Fuss, 372 Mass. 64, 70 (1977); Kohl v. Silver Lake Motors, Inc., 369 Mass. 795, 801 (1976); Chartrand v. Riley, 354 Mass. 242, 243-244 (1968). Contrary to Schultz’ arguments in this case, neither the letter, nor the underlying policies, of G.L. c.90, §7NV& permits the recovery of attorneys’ fees by a consumer who both elects to pursue state-certified arbitration as a remedy for a manufacturer’s failure to repair a non-conforming vehicle and accepts a refund from such manufacturer.
The damages recoverable by a consumer, upon an arbitrator’s finding that the vehicle in question did not conform to relevant warranties and that a refund must be made, are specifically delineated in Subsection (3) of G.L. c.90, §7N!4. Subsection (3) provides, in relevant part:
the manufacturer shall accept return of the vehicle from the
*6 We do not believe that the language of §10[5] is intended merely to expedite proceedings before arbitrators by removing from their nonjudicial consideration the potentially troublesome item of legal fees. It also discloses a principal purpose to further the speedy, efficient and uncomplicated resolution of business disputes with very limited judicial intervention or participation.. ..
We should not, and will not encumber the statutory arbitration procedure by appending to it any of the incidents of litigation, absent a specific decision by the Legislature to do so.
Id. at 96.
2. Despite Floors, the plaintiff contends that an award of legal fees would not offend either the letter or spirit of G.L. c.90, § 7N Vs because the plaintff is proceeding in a separate action to enforce independent consumer rights. Specifically, the plaintiff argues that a separate G.L. C.93A action for attorneys’ fees is permissible because neither that statute, nor G.L. c.90, §7N*/2, compels an election of remedies; and because attorneys’ fees constitute additional relief to which the consumer is entitled, but which is unavailable through arbitration.
The plaintiff is correct in her assertion that both statutes expressly provide that the consumer procedures and remedies therein created are neither compulsory, nor exclusive.[6] A consumer may choose to proceed with state-certified arbitration, or to initiate suit to recover C.93A, common law or Uniform Commercial Code damages. A final acceptance of both the arbitration award and a refund or replacement by the manufacturer pursuant to G.L. c.90, § 7N‘/2 does, however, terminate the consumer’s G.L. C.93A rights. Subsection (7) of §7N'/2 states:
For the purposes of said chapter ninety-three A, the timely delivery by a manufacturer of a refund or acceptable replacement, pursuant to a finding of state-certified arbitration, shall constitute the granting of relief upon demand.
*7 This provision closely parallels Subsection (3) of G.L. C.93A, §9 which permits an action upon the prospective defendant’s failure to grant relief in response to a consumer’s thirty day demand letter. Section 9 of c.93A utilizes the terminology “written tender of settlement” to describe a prospective defendant’s response to a demand letter. Such response to “tender” may or may not be reasonable under the circumstances of the case and, if unreasonable, may properly result in consumer litigation. The phrase “tender of settlement” must be distinguished form the “granting of relief upon demand” which appears in G.L. c.90, § 7NV&(7). Construing the latter phrase in accordance with the usual and ordinary meaning of the terms employed, Conroy v. Boston, 392 Mass. 216 (1984), it is clear that the payment of an arbitration award by a manufacturer constitutes not the “tender”, but the “granting” of complete and final relief to a consumer which bars the pursuit of any unnecessary or duplicitous recovery in a subsequent C. 93A action.[7] This construction of c.90, §7N!/2 serves to implement the Legislature’s obvious attempt to orchestrate and integrate different statutory consumer protection programs. It also avoids any derogation of the conclusiveness, and thus the effectiveness, of the consumer remedy created by the Lemon Law.
The plaintiff is also mistaken in her claim that c.93A “attorneys’ fees” constitute “additional relief’ to which a consumer remains entitled even after securing a full recovery under § 7NV¿ of the value of a non-conforming vehicle plus incidental expenses. The plaintiffs argument confuses the concept of damages with litigation costs or expenses. Monetary remedies or forms of relief signify damages which generally represent the total dollar value of the actual injury sustained by the plaintiff. Berube v. Selectmen of Edgartown, 336 Mass. 634, 639 (1958). Conversely, attorneys’fees are considered under c.93A merely an element of the costs or expenses of litigation which are added to, and thus distinguishable from, damages. Mott v. Kulesza, 1984 Mass. App. Div. 169, 170. Contrary to the plaintiffs contention, attorneys’ fees do not constitute “additional relief’ and cannot serve as an independent predicate for a C.93A suit. Such fees can be considered only when suit is necessary and actually filed for the purpose of obtaining substantive relief to which a plaintiff is otherwise entitled. As plaintiff Shultz was granted a full recovery in arbitration of all actual and incidental damages, her present C.93A suit was not only unnecessary, but actually barred by Sec. 7NV£(7). A litigant cannot claim to be entitled to the costs of litigation when the litigation itself is unnecessary or proscribed. This is particularly true when the attorneys’ fees sought were incurred in pursuing arbitration, and were thus not expenses or costs growing out of any litigation.[8]
*8 The plaintiffs reliance on Kohl v. Silver Lake Motors, Inc., 369 Mass. 795 (1976) for the proposition that a consumer may institute a C.93A suit solely for the purpose of recovering attorneys’ fees is misplaced. The Supreme Judicial Court did state that “the Legislature has allowed counsel fees only if suit has been brought. .Id. at 802, signifying merely that attorneys’ fees are not recoverable other than as an incident to, or cost of, litigation. Specifically, the Court ruled that legal fees may not be considered in evaluating the reasonableness of a c.93A, Sec. 9 settlement offer. The implication is that parties are not entitled under C.93A to attorneys’ fees if they settle out of court.
The Kohl holding undoubtedly was derived from the function of attorneys’ fees in the C.93A statutory scheme. Statutory compensation for an aggrieved consumer’s legal expenses encourages private litigation of “vindictive” suits which serve ultimately to deter unlawful business practices. McGrath v. Mishara, 386 Mass. 74, 85-86 (1982). Although there is clearly a “benefit to the public where deception in the marketplace is brought to light (and thereby corrected)...”, Trempe v. Aetna Casualty & Surety Co., 20 Mass. App. Ct. 448, 458 (1985), it must also be noted that the provisions of C.93A are equally designed to promote reasonable, out of court settlements of consumer disputes. International Fidelity Ins. Co. v. Wilson, 387 Mass. 841, 857 (1983); Nader v. Citron, 372 Mass. 96, 100 (1977). Such settlement was effected in this case by the plaintiffs successful pursuit of c.90, § 7N!/2 state-certified arbitration. It would violate the settlement policies of G.L. c.93 A to permit the plaintiff herein to prevail in unnecessary litigation filed only as a pretext for recovering expenses incurred, but not recoverable, in prior arbitration proceedings.
Accordingly, the trial court’s finding is sustained. Report dismissed.

 Section 2 of St. 1985, c. 702 adding “state-certified, new car arbitration” to G.L. c.90, §7N’/¡ became effective on December 31, 1985. The arbitration program was not, however, implemented by the Executive Office of Consumer Affairs and Business Regulation and made available to consumers until June, 1986

 Section 10 of G.L. C.251, the Uniform Arbitration Act, expressly excludes attorneys’ fees as recoverable costs of arbitration. Section 29 of G.L. c. 149 does permit, however, an award of attorneys’ fees in an independent construction bond action. Floors is thus analagous to the case at bar wherein the plaintiff has filed a separate C.93A, Sec. 9 action, in which counsel fees would ordinarily be recoverable, to obtain reimbursement for fees actually incurred in Sec. §7N!6 arbitration.
Floors was applied by the United State District Court, District of Massachusetts, to bar a claim for legal fees incurred in the arbitration of a G.L. c.93A, Sec. 11 case. Raytheon Co. v. Computer Distributors, Inc., 632 F.Supp. 553 (D.Mass.1986). The Court stated that the availability of attorneys’ fees in a C.93A action could not justify an arbitrator’s award of such fees upon the settlement of the parties’ controversy, and that the plaintiff had "agreed, wittingly or unwittingly, to waive any right it might otherwise have had to attorneys' fees” by electing to pursue arbitation. Id. at 559. The Court reasoned that the purpose of arbitration to “facilitate the prompt and efficient resolution of claims” would be defeated by requiring arbitrators to resolve the complex issue of attorneys' fees. Id. at 560.

 Subsection (6) of G.L. c.90, § 7N'A provides, inter alia: “Nothing in this section shall be construed to limit the rights or remedies which are otherwise available to a consumer or manufacturer under any other applicable provision of law."
Subsection (6) of G.L. c.93A, 89 states: “Any person entitled to bring an action under this section shall not be required to initiate, pursue or exhaust any remedy established by any regulation, administrative procedure, local state or federal law or statute or the common law in order to bring an action under this section or to obtain injunctive relief or recover damages or attorneys’ fees or costs or other relief as provided in this section. Failure to exhaust administrative remedies shall not be a defense to any proceeding under this section, except as provided in paragraph seven.”
Subsection (8) of G.L. c.93A, 89 states: “Except as provided in section ten, recovery or failing to recover an award of damages or other relief in any administrative or judicial proceedings, except proceedings authorized by this section, by any person entitled to bring an action under this section, shall not constitute a bar to, or limitation upon relief authorized by this section.”

 If a consumer rejects an arbitration decision, however, his rights to proceed under c.93A are preserved. See 201 CMR 11.11(4): “The arbitrator’s decision is final. A disatisfied manufacturer may appeal a decision through a court of competent jurisdiction. A dissatisfied consumer may file a suit against the manufacturer under M.G.L.C.93A.”
The consumer is also afforded a c.93A remedy for both the manufacturer’s violation of any Lemon Law procedure and failure to abide by the decision of the arbitrator. G.L. c.90, §7N*/£(7).

 See Cuevas v. Potamkin Dodge, Inc., 455 So.2d 398 (1984) in which the Florida District Court of Appeals denied a claim for counsel fees which were incurred in the arbitration of a Florida Consumer Protection Act (Sec.501.20 Fls.Stat. (1981)) controversy, but were sought in subsequent suit to confirm the arbitration award. The Florida Act authorizes the recovery of legal fees “after judgment in the trial court.”The Court stated: “we agree that no fees are available in the present circumstances, essentially because Ms. Cuevas’ success was achieved not... ‘after judgment in the trial court,’ but through the arbitration process to which ... she voluntarily agreed. /.. [T]he ‘nature’ of such a recoveryis in arbitration,ratherthanthelitigation contemplated by the statute; and ... apartywho enters into an arbitration agreement which does not itself provide for fees .. . 'may hot become entitled to their recovery simply by filing a presumably unnecessary complaint....” Id. at 400.