SOFTKEY, INC. *vs.* USEFUL SOFTWARE, INC.

No. 98-P-738.

Suffolk. January 12, 2000. - October 16, 2001.

Present: JACOBS, GILLERMAN, & BECK, JJ.

*Arbitration,* Judicial review, Authority of arbitrator, Attorney's fees.

Statement of the scope of judicial review of arbitration proceedings. [839-840]
An arbitrator's original award of attorneys' fees pursuant to an arbitration
   agreement providing for such fees, issued prior to a Superior Court's
   imposition of a "contingency fee cap on the award," was reinstated, where
   the original award was within the broad authority conferred upon arbitra-
   tors of civil disputes to consider each party's "reasonable expectations"
   and conduct during the arbitration proceedings, and to interpret certain
   language in the agreement. [840-841]

CIVIL ACTION commenced in the Superior Court Department on
February 12, 1996.

Motions to vacate, modify, or confirm an arbitration award
were heard by *David M. Roseman,* J., and *Allan van Gestel,* J.,
and a motion for attorney's fees was heard by *van Gestel,* J.

*Bernard J. Bonn, III,* for the plaintiff.

*Ann Pauly* for the defendant.

BECK, J. The parties' arbitration agreement included a provi-
sion for attorneys' fees. See G. L. c. 251, § 10; *Baxter Health
Care Corp.* v. *Harvard Apparatus, Inc.,* 35 Mass. App. Ct. 204,
208 (1993) (award of attorney's fees precluded in arbitration
proceedings unless provided in arbitration agreement). In their
cross appeals, they challenge the arbitrator's method of calculat-
ing the attorney's fees and the modifications imposed by two
Superior Court judges. (There is no challenge to the damage
award.)

The underlying contract was a "Software License and
Marketing Agreement" (agreement) between the plaintiff, Soft-

key, Inc., formerly known as Spinnaker Software Corporation (Softkey), and the defendant, Useful Software, Inc. (Useful), in which Softkey agreed to "publish and distribute computer software programs" created by Useful. The relationship between the parties was rancorous from the beginning. Probably as a result, these proceedings have been protracted. After hearing, an arbitrator issued a twenty-three page award, followed by the parties' cross appeals to the Superior Court, which remanded the case to the arbitrator with instructions. The arbitrator then issued a supplemental award, which the parties again cross-appealed. A second Superior Court judge then issued an order and entered judgment on September 23, 1997, modifying the supplemental award. The same judge later denied Softkey's subsequent motion for attorney's fees incurred in Superior Court and entered a second judgment on January 14, 1998, ordering Softkey to make payment to Useful as provided in the modified supplement award.

*The arbitration provision and prior proceedings.* The provisions regarding attorney's fees are found in par. 10(a) of the agreement, captioned "Dispute Resolution." After establishing that "[a]ny dispute, controversy or claim arising out of or in connection with [the] [a]greement shall be determined and settled by arbitration," par. 10(a) provides:

> "All costs and expenses, including attorney's fees, of all parties incurred in any dispute which is determined and/or settled by arbitration pursuant to this paragraph 10 shall be borne by the party determined to be liable in respect of such dispute; provided, however, that if complete liability is not assessed against any one party, the parties shall share the total costs in proportion to their respective amounts of liability so determined."

As set out in his initial award, the arbitrator found that "[a]lthough the findings/conclusions . . . are mixed, Useful is substantially the prevailing party as to a key portion of its breach of contract claim and [Softkey] avoids damages under Useful's tort [misrepresentation/fraud] and chapter 93A claims." He also observed that "[Softkey's] stonewalling in discovery [made] ascertainment of damages "fficult," but concluded that he was able to make "reasoned est ates." "The [intent of the]

relief fashioned was to set Useful free with a return of its intangible property . . . and with a cash award . . . and allocation of costs and attorney[']s fee shifting in accord with the . . . [a]greement (modified by some fee shifting re attorney conduct)." He awarded Useful damages for lost royalties of $170,000 with "legal interest (12%)" as well as equitable relief releasing it from most of its obligations under the contract.

In calculating attorney's fees, the arbitrator "[took] into account the extent to which each party prevailed (in relation to its reasonable expectations), and discovery conduct." He ordered that Softkey reimburse Useful for two-thirds of Useful's reasonable attorney's fees and costs, less one-third of Softkey's reasonable attorney's fees and costs, provided that Softkey's fees and costs as so computed did not exceed one-half of Useful's. He added that he would have awarded Softkey one-half (rather than one-third) of its attorney's fees but for Softkey's "stonewalling" in the course of the arbitration.

On appeal, Softkey claims there was error (1) in confirming the arbitrator's use of what Softkey terms a "qualitative" component in the calculation and allocation of attorneys' fees and costs; and (2) in denying Softkey's request for attorney's fees associated with its appeal(s) to the Superior Court. In its cross appeal, Useful challenges (1) the limitation of its attorney's fees award by its contingent fee agreement; and (2) the rejection of the arbitrator's consideration of Softkey's conduct in awarding attorney's fees.

*Standard of review.* It is well established that "the scope of judicial review of the arbitration proceedings is narrow." *Grobet File Co. of America, Inc.* v. *RTC Sys., Inc.*, 26 Mass. App. Ct. 132, 135 (1988). "If the arbitrator[] in assessing damages commit[s] an error of law or fact, but do[es] not overstep the limits of the issues submitted to [him], a court may not substitute its judgment on the matter." *Lawrence* v. *Falzarano*, 380 Mass. 18, 28-29 (1980). See *Barletta* v. *French*, 34 Mass. App. Ct. 87, 93-94 (1993). Among other limitations, an arbitrator may not "transcend[] the limits of the contract of which the agreement to arbitrate is but a part." *Lawrence* v. *Falzarano*, *supra* at 28. However, although "the arbitrator may not ignore the plain words of the contract . . . the limiting boundaries [on an arbi-

tral award] . . . must be set forth with clarity, and the limiting words must be plain. If there is room for doubt or interpretation on the question, then the issue properly lies within the broad authority conferred upon arbitrators of civil disputes." *Grobet File Co. of America, Inc.* v. *RTC Sys., Inc.*, 26 Mass. App. Ct. at 134-135. The question of the interpretation of an arbitration agreement is for the arbitrator. *Plymouth-Carver Regional Sch. Dist.* v. *J. Farmer & Co.*, 407 Mass. 1006, 1007 (1990).

*Discussion.* Softkey argues that the arbitrator "lacked the authority to invent or estimate the sort of 'qualitative' component he used in the calculation of attorneys' fees and costs," apparently referring to the arbitrator's decision to consider each party's "reasonable expectations" in determining which party prevailed. See G. L. c. 251, § 12(*a*)(3). Softkey claims that the sum of Useful's claims for damages under various theories was more than $2.24 million, and that therefore Softkey actually prevailed "as to 92.9% of the dispute" because Useful recovered less than ten per cent of the total it claimed. As the Superior Court judge ruled, the determination of which party prevailed and to what degree was clearly within the arbitrator's authority to interpret the inconclusive terms of the arbitration agreement. See *Plymouth-Carver Regional Sch. Dist.* v. *J. Farmer & Co.*, *supra*; *Grobet File Co. of America, Inc.* v. *RTC Sys., Inc.*, *supra*. Useful's argument that it prevailed entirely and should receive one hundred per cent of its fees and costs is, for the same reason, without merit.

As to the arbitrator's consideration of Softkey's conduct during the arbitration, there is nothing in the agreement that explicitly prevents such consideration. See *id.* at 134-135. It was within the authority of the arbitrator to conclude that the sharing of costs in "proportion to their respective amounts of liability" could reflect the degree to which the parties participated constructively in the arbitration process, particularly when he concluded that the determination of damages was impaired by Softkey's conduct. "[A]rbitrators have broad authority to establish a balance between the parties." *Lawrence* v. *Falzarano*, 380 Mass. at 28.

The second Superior Court judge ruled that "the contingency fee cap must be applied" based on the "plain words" of the

agreement, which he construed as requiring the arbitrator to "follow substantive rules of law." According to the judge, *Winthrop Corp.* v. *Lowenthal*, 29 Mass. App. Ct. 180 (1990) (contingent fee controlled where one party prevailed and contingent fee agreement not disclosed to arbitrator or court), constitutes such a substantive rule of law.

The plain words of par. 10(a) on which the judge was relying are as follows:

> "The party submitting [a] dispute [to arbitration under this paragraph] shall request the American Arbitration Association to (i) appoint an arbitrator who is knowledgeable in the microcomputer area and familiar with the data processing industry and who will follow substantive rules of law."

The import of the words "substantive rules of law" at issue here is not clear. Useful argues that the clause refers to the substantive law governing the technicalities of microcomputers and data processing. Such an interpretation would have been within the arbitrator's authority. See *Plymouth-Carver Regional Sch. Dist.* v. *J. Farmer & Co.*, 407 Mass. at 1007. Indeed the arbitrator did discuss the law governing the parties' activities in several places in the award. Assuming, without deciding, that *Winthrop Corp.* v. *Lowenthal, supra,* is not distinguishable, the arbitrator's deviation from the holding in that case was at most an error of law, and therefore not subject to review. *Lawrence* v. *Falzarano*, 380 Mass. at 28-29. Cf. *Grobet File Co. of America, Inc.* v. *RTC Sys., Inc.*, 26 Mass. App. Ct. at 135 ("Courts will not disturb the arbitrator's findings and conclusions even if [in the court's view] they are grossly erroneous").

*Conclusion.* The arbitrator's original award was within his authority, and should be reinstated. The subject of attorney's fees was committed to arbitration. Cf. *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 87 n.2 (1977) (where insurance policy limited arbitration to "questions concerning the insured's rights against the . . . uninsured [motorist]," arbitrator exceeded authority in deciding question of insurer's liability).

The judgments entered on September 23, 1997, and January 14, 1998, are vacated. The matter is remanded to the Superior Court, where a new judgment shall enter making a net award of $52,292 in attorney's fees and costs to Useful (consistent with

section III of the arbitrator's supplemental award), and striking all other provisions in the supplemental award incorporating the Superior Court order that Useful's contingent fee agreement be treated as a cap. The Superior Court may take further action not inconsistent with this opinion.

Finally, we note our agreement with the reasoning of the Superior Court judge as set out in his memorandum and order denying Softkey's motion for attorney's fees incurred in Superior Court.

*So ordered.*