ROBERT LAROCHE & another[1] *vs.* EMILY FLYNN.

No. 00-P-1253.

Norfolk. April 16, 2002. - July 11, 2002.

Present: JACOBS, DREBEN, & GREEN, JJ.

*Arbitration,* Attorney's fees.

In a civil action seeking confirmation of an arbitrator's determination, the
judge erred by including within an award to the defendant of costs and at-
torney's fees expenses incurred incident to the arbitration, and this court
therefore remanded for determination of the proper amount, if any, of
reasonable expenses incurred by the defendant in a discovery dispute aris-
ing during court proceedings prior to arbitration. [420-423]

CIVIL ACTION commenced in the Superior Court Department on
December 10, 1997.

The case was heard by *Peter M. Lauriat,* J., on motions to
confirm the decision of an arbitrator and for costs and attorney's
fees.

*Michael R. Coppock* for the plaintiffs.

*Christine A. Burt* for the defendant.

GREEN, J. The plaintiffs asserted rights under an option to
purchase contained in a lease of a condominium unit and denied
that the signatures appearing on a superseding lease (which did
not contain such an option) were theirs. Shortly before trial, the
parties agreed to submit their dispute to arbitration. The arbitra-
tor found for the defendant, and the defendant filed a motion
with a judge of the Superior Court for confirmation of the
arbitrator's determination to which the plaintiffs did not object.
The defendant also moved for an award of attorney's fees and
costs under Mass.R.Civ.P. 37(c), 365 Mass. 799 (1974),[2] on the

---

[1]Carolyn LaRoche.

[2]The rule provides as follows:

ground that the plaintiffs failed in their responses to requests for admissions propounded prior to arbitration pursuant to Mass.R. Civ.P. 36, 365 Mass. 795 (1974), to admit the genuineness of their signatures on the superseding lease. The judge allowed both the motion to confirm the arbitrator's determination and the motion for attorney's fees and costs (expenses), and the plaintiffs appealed. We conclude that the motion judge erred by including within the award expenses incurred incident to the arbitration, and we remand for determination of the proper amount, if any, of "reasonable expense incurred in" proving the genuineness of the signatures during court proceedings prior to arbitration.

In his written order, the motion judge did not address the effect of G. L. c. 251, § 10, on the appropriateness of a request for attorney's fees in a matter submitted to arbitration. That statute provides that "[u]nless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." The statute generally precludes an award of attorney's fees incurred in arbitration proceedings, absent an express agreement of the parties. See *Floors, Inc.* v. *B.G. Danis of New England, Inc.*, 380 Mass. 91, 99-101 (1980). Attorney's fees may be awarded if mandated under a statutory claim submitted to arbitration. See *Drywall Sys., Inc.* v. *ZVI Constr. Co.*, 435 Mass. 664, 673 (2002). However, the basis for attorney's fees in the present matter derives from a procedural rule of court, rather

---

"Expenses on Failure to Admit. If a party fails to admit the genuineness of any documents or the truth of any matters as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable grounds to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit."

than a legislative directive. Though one statute may override another, a court rule generally may not override a statute. See, e.g., *Harper* v. *Division of Water Pollution Control*, 412 Mass. 464, 465 (1992); *Friedman* v. *Board of Registration in Med.*, 414 Mass. 663, 665 (1993). Accordingly, the award of fees was excessive to the extent it included attorney's fees "incurred in the conduct of the arbitration." G. L. c. 251, § 10. The award for costs incurred during arbitration was also improper because the defendant could have applied to the arbitrator for an award of those costs but did not. G. L. c. 251, §§ 10, 14. See *Glenn Acres, Inc.* v. *Cliftwood Corp.* 353 Mass. 150, 155-156 (1967).

The plaintiffs contend on two grounds that the motion judge was without authority to award counsel fees in any amount. First, the plaintiffs argue that the submission of the parties' dispute to arbitration subsumed all claims between the parties, including nascent claims arising from discovery propounded during the litigation phase of the proceeding. Second, the plaintiffs contend that, if attorney's fees were available at all, any claim for fees should first have been submitted to the arbitrator.

The statutory prohibition against the award of counsel fees in arbitration does not extend by its terms to fees incurred in litigation of claims later submitted to arbitration. Moreover, despite concluding that counsel fees incurred in arbitration proceedings generally cannot be recovered, the court in *Floors, Inc.* v. *B.G. Danis of New England, Inc.*, *supra* at 100, explicitly recognized that fees incurred in separate litigation stayed pending arbitration are nonetheless recoverable. We conclude that G. L. c. 251, § 10, does not preclude recovery of that portion of the defendant's expenses incurred before the parties submitted their claims to arbitration.[3]

The plaintiffs' remaining argument against the imposition of

---

[3]Certainly, parties could agree that their submission of claims to arbitration would bar all claims for attorney's fees (and costs) arising from the litigation prior to such submission, but we do not construe the parties' agreement in the present case to that effect. The operative language of the parties' agreement states that "the Arbitrator shall be empowered to make all binding findings of fact and rulings of law, and to issue such orders in law or equity which, in the Arbitrator's judgment, shall fully and finally resolve all issues between the parties concerning the Unit." We accept the implicit finding of the motion judge that the parties' agreement did not encompass the defendant's separate claim for discovery sanctions arising from the conduct of the litigation itself,

fees against them is that the motion judge was without basis to assess whether they "had reasonable grounds to believe that [they] might prevail on the matter," an exculpatory condition recognized in clause (3) of the second sentence of Mass.R. Civ.P. 37(c). Accordingly, the plaintiffs argue, any claim for fees should first have been submitted to the arbitrator, who could have assessed whether the evidence presented in the arbitration proceeding supported a conclusion that the plaintiffs' refusal to admit their signatures was reasonable.

The discovery violation in the present case arose during the pendency of the action in the Superior Court and under the rules applicable to its progress there. We see no reason to burden the process of arbitration with the determination of discovery disputes arising under the courts' procedural rules before the matter is submitted to arbitration. Cf. *Floors, Inc.* v. *B.G. Danis of New England, Inc.*, supra at 96. Contrast *Hull Mun. Lighting Plant* v. *Massachusetts Mun. Wholesale Elec. Co.*, 414 Mass. 609, 616-617 (1993). The motion judge was able to review the nature of the evidence presented to the arbitrator, and we see no error in his conclusion that the plaintiffs had no reasonable basis to believe they would prevail in their denial of the genuineness of the lease or their signatures thereon. Moreover, the arbitrator's conclusion that the plaintiffs' signatures were genuine was binding on the parties. See *Miles* v. *Aetna Cas. & Sur. Co.*, 412 Mass. 424, 427 (1992). It would derogate from the purpose of arbitration to provide an efficient resolution of civil disputes to require a claim for fees arising from the litigation phase of a matter to be submitted to the arbitrator for determination, and it would defeat the purpose of the arbitration itself if a judge were required to conduct a complete and independent review of the evidence presented to the arbitrator before determining whether to award fees.

We conclude that the motion judge properly awarded expenses incurred before the parties submitted their claims to

rather than from the parties' underlying dispute concerning the condominium unit. The circumstances of the present case, where the parties submitted their dispute to arbitration late in the litigation process, are unlike those where an arbitration clause is part of the parties' original contractual relationship. See, e.g., *Massachusetts Correction Officers Federated Union* v. *Sheriff of Bristol County*, ante 285, 285-286 (2002).

arbitration, but that he erred to the extent that he included expenses incurred during the arbitration. Accordingly, the order awarding expenses to the defendant is vacated, and the matter is remanded to the Superior Court for proceedings consistent with this opinion. The judgment confirming the award of the arbitrator is affirmed.[4]

*So ordered.*

---

[4]Though the plaintiffs' notice claimed appeal from the judgment, the plaintiffs advanced no argument on appeal to challenge it.