McDonald, J.
The plaintiff has applied to vacate or modify an arbitrator’s award insofar as the arbitrator awarded attorneys fees to the defendant arising from the defense of counterclaims by the plaintiff in an arbitration proceeding.
The plaintiff and defendant entered, into certain credit facilities documented by various loan documents. Included within the documents were provisions for recovery of attorneys fees incurred: (a) “in connection with the preparation, execution, enforcement, modification, and collection [of the lending agreement or loan] and (b)” upon liquidation of any collateral, settlement, prosecution of a dispute with a customer, or enforcement of any obligation of [the borrower]."
The plaintiff failed to make required payments pursuant to the loan documents, and the defendant, pursuant to the loan documents filed a claim for arbitration. Before responding to the claim, the plaintiff paid its obligations under the loan documents in full, including attorneys fees and costs incurred by the defendant to the time of payment. The loan security was released by the defendant and the loan agreements terminated. Thereafter, the plaintiff filed “counterclaims” in the arbitration that alleged the defendant’s conduct in defaulting the plaintiff, accelerating the loans and exercising alleged rights as a secured party constituted intentional interference with the plaintiffs advantageous relationship, bad faith, and violation of G.L.c. 93A. These claims were submitted to arbitration. The arbitrator ruled in favor of the defendant and against the plaintiff. The arbitrator awarded attorneys fees and costs to the defendant.
The plaintiff argues that the provisions quoted above from the loan documents do not permit an award of attorneys fees incurred in the defense of its counterclaims because the loan agreements had terminated before it asserted its counterclaims in the arbitration.
DISCUSSION
The issue of whether the loan documents provided for the award of attorneys fees in circumstances such as these, where the loan defaults were cured and the loan agreements terminated before the arbitration was conducted, but after the arbitration was initiated, but the plaintiff/debtor pursued counterclaims that challenged the defendant’s conduct in the course of asserting its rights under the agreements, i.e., enforcing, the loan documents, was an issue properly before the arbitrator.
In the language of the Addendum to the loan documents, the counterclaims involved “controversies concerning the lawfulness or reasonableness of any act, or any right [concerning collateral],” and, therefore were subject to arbitration. At such arbitration, the Addendum afforded the arbitrator “the power to award attorneys (sic) fees assessable under any loan document which is the subject of an arbitration. Thus, it was for the arbitrator to determine whether and what loan documents were the subject of the arbitration, and to determine whether any such document authorized an award of attorneys fees. As the counterclaims challenged the defendant’s enforcement of the loan documents, it is hard to imagine how such documents could not have been the subject of the arbitration. At any rate, it was for the arbitrator to make that determination. Softkey, Inc. v. Useful Software, Inc., 52 Mass.App.Ct. 837, 840 (2001) (“the question of interpretation of an arbitration agreement is for the arbitrator”). The plaintiffs argument that the loan documents were adhesion contracts drafted by the defendant and requiring ambiguities to be resolved in the plaintiffs favor is unavailing. ”If there is room for doubt or interpretation on the question, then the issue properly lies within the broad authority conferred upon arbitrators of civil disputes.” Id., at 840, quoting Grobet File Co. of America, Inc. v. RTC Sys., Inc., 26 Mass.App.Ct. 132, 134-35 (1988). As the plaintiff concedes, resolution of that ambiguity was within the arbitrator’s authority. If in resolving the ambiguity the arbitrator failed to apply a principle of law that ambiguous documents are to be construed against the party that drafted the documents, such error of law is not a basis to interfere with the arbitrator’s award. “Absent fraud, errors of law or fact are not sufficient grounds to set aside an award.” Plymouth-Carver Reg’l Sch. Dist. v. J. Farmer & Co., 407 Mass. 1006, 1007 (1990).
Moreover, it is apparent that the issue of attorneys fees was presented to the arbitrator. I take paragraph 12 of the plaintiffs Application to Vacate or Modify Arbitrator’s Award to assert no more than that the *506 issue was not part of the counterclaims on which the arbitration proceeded. Nevertheless, the issue was clearly submitted to, discussed with, and considered by the arbitrator. In my view, the issue of whether the defendant was entitled to attorneys fees “(c]learly . . . fell within the broad language of the arbitration clause in the [loan documents].” Lawrence v. Falzarano, 380 Mass. 18, 29 (1980). The plaintiff has not suggested that the award was the product of fraud. Accordingly there is no basis to set aside or modify the Final Award of the arbitrator.
ORDER
For the foregoing reasons, the plaintiffs Application to Vacate or Modify Arbitrator’s Award is DENIED. Judgment shall enter for the defendant affirming the Final Award of the arbitrator.