Nickerson, J.
Regrettably, neither plaintiff nor defendant’s counsel cited Drywall Systems v. ZVI Construction Co., 435 Mass. 664 (2002), and LaRoche v. Flynn, 55 Mass.App.Ct. 419 (2002), at the hearing on the plaintiffs motion for attorneys fees, interest, and costs. In light of the Dry wall decision, this court is compelled to vacate most of the court’s endorsement of October 4, 2002, but not the endorsed result.
The award of fees pursuant to G.L.c. 15 IB, §9, is a proper subject for arbitration despite the strictures of G.L.c. 251, §10. See Drywall at 672-73. The arbitrator declined to award fees on his belief that G.L.c. 251, §10, barred him from doing so. Plaintiff failed to seek a timely modification of the arbitrator’s award per *62 G.L.c. 251, §§12, 13. DrywaRwas decided January 23, 2002. The award is dated June 10, 2002. On August 19, 2002, plaintiff filed her motion for attorneys fees wherein she asked the court, not the arbitrator, to set the fees. The court cannot address the propriety of the arbitrator’s decision outside the time limitation imposed by chapter 251. Maltz v. Smith Barney, Inc., 427 Mass. 560, 561 (1998).
LaRoche is a unique case wherein legal fees were assessed on a discovery dispute. The dispute arose while the case was pending in the Superior Court. After discovery, the parties entered into binding arbitration. The appellate court held that the pre-arbitration fees were to be set by the Superior Court, not by arbitration. While the LaRoche decision is instructive, it does not control the case at hand.
Senna and Professional Food Service agreed “to submit the above-captioned matter” to arbitration. There is no further definition of the scope of the claim within the JAMS Agreement to Arbitrate. Rule 7(a) of the JAMS Streamlined Arbitration Rules and Procedures provides that the pleadings as filed in court constitute notice of the claims being pressed by each party. Senna’s claim for attorneys fees appears throughout her pleadings. She presented, or attempted to present, the issue to the arbitrator. Clearly, the plaintiff committed the issue of her legal fees to arbitration. Fees under G.L.c. 15IB, §9, are generally calculated on a lodestar basis. Fontaine v. Ebtec Corp., 415 Mass. 309, 324-26 (1993). The reasonableness of the fee “is largely discretionary with the judge.” Fon-taine at 324. In this context, the fee for the entire course of proceedings should have been determined by the arbitrator, the person with the best vantage point for making the discretionary call.
ORDER
For the above-stated reasons, it is ORDERED that those portions of the endorsement of the court dated October 4, 2002, that are inconsistent with today’s decision be VACATED, but that reconsideration of the order dated October 4, 2002, denying the plaintiffs Motion for Attorneys Fees, Interest, and Costs be DENIED.