van Gestel, J.
“(T]he arbitration procedure, when selected by the parties to a contract, should be speedy and not subject to delay and obstruction in the courts.” Quirk v. Data Terminal Systems, Inc., 379 Mass. 762, 767 (1980). In these two related actions the parties, with some assistance from the courts as well, have been oblivious to the mandate of the Supreme Judicial Court regarding contractually agreed-upon arbitration. These cases—filed, respectively,.on November 29, 2001, and December 17, 2001—only now have reached that point wherein arbitration, first demanded in September 2000, has resulted in an Award that the initial demanding party now moves to have vacated.
BACKGROUND 
The principal defendant Long Bay Management Company, d/b/a Long Bay Builders, Inc. (“LBBI”) has been sued by Travelers Casualty and Surety Company of America, Inc. (“Travelers”), the successor in interest to LBBI’s bonding company, Reliance Insurance Company (“Reliance”), on issues relating to a construction project in which LBBI was the general contractor and the Massachusetts Housing Finance Agency (“MHFA”) was the owner. On November 5, 1997, Reliance, along with other Reliance Insurance Companies, entered into a Continuing Agreement of Indemnity— Contractor’s Form (the “Indemnity Agreement”) with LBBI and each of the other named defendants. In consideration of the Indemnity Agreement, Reliance provided LBBI with payment and performance bonds (the “Bonds”) for a real estate rehabilitation and construction project in Boston called “Theroch I.”
On May 31, 2000, Travelers succeeded to the interests of Reliance with respect to the Bonds referred to in the Indemnity Agreement.
The Theroch I project was to be accomplished in three phases, with MHFA having the right and the obligation to initiate the start of each phase by a specific Notice to Proceed.
Although LBBI substantially completed Phase I of the project, disputes arose between LBBI and the MHFA. As a result of those disputes, in September 2000, LBBI demanded arbitration (the “Arbitration”) against MHFA for payment for extra and additional work and an extension of time for performance. This arbitration, just resolved—at least subject to the resolution of legal proceedings relating to it—bears an American Arbitration Association (“AAA”) Docket No. 11 Y 110 01006 00.
By letter dated January 24, 2001,[2] LBBI purported to terminate the Construction Contract on grounds that MHFA was in default of its obligations. The prior demand for arbitration was, accordingly, amended.
*331 On February 2, 2001, MHFA purported to terminate LBBI’s right to proceed under Phases II and III of the Construction Contract. MHFA then brought a counterclaim in the Arbitration.
MHFA, on February 5, 2001, called upon Travelers, pursuant to the Bond, to perform. Travelers then notified LBBI that it proposed to enter into an agreement with the MHFA to perform and complete LBBI’s contract, without prejudice to the rights of LBBI and Travelers to seek reimbursement for all damages sustained by them in the Arbitration proceedings and subject to the obligations of LBBI and the other defendants under the Indemnity Agreement. This agreement, between Travelers and MHFA, was executed on August 6, 2001. LBBI was not a party to the agreement between MHFA and Travelers for completion of the Construction Contract.
Travelers then entered into a completion agreement with Bilt-Rite Construction, Inc., a general contractor, to complete the work for $10,650,000.
On March 14, 2001, LBBI amended its demand for arbitration in matter No. 11 Y 110 01006 00. Later, Travelers filed a supplemental and amended submission with the AAA, alleging that Travelers was entitled to recover from MHFA the difference between the funds on hand for the Construction Contract with LBBI and the cost to complete the project if LBBI was correct that it was not in default and that MHFA was the party in default. Travelers was not named by LBBI as a party to the arbitration.
At about the same time, MHFA filed a counterclaim with the AAA against Travelers and LBBI, asserting that Travelers and LBBI were liable for certain of LBBI’s obligations and liabilities under or arising out of the Construction Contract and the Bond.
MHFA and Travelers were content to have Travelers participate in the then pending arbitration. LBBI was not; and the matter came before this Court for decision. On December 17, 2001, this Court ruled that it was “not convinced that there exists a sufficient contractual basis to compel [LBBI] to arbitrate with [Travelers] over an issue that seems not yet ripe and in which no demand for such arbitration between [LBBI] and [Travelers] is outstanding,” and it declined to permit or order Travelers to remain as a party to the arbitration.[3] Travelers sought relief from the Appeals Court.
In the meantime, the arbitration between LBBI and MHFA proceeded. It was far from speedy and not subject to delay. The hearings sprawled over 50 hearing-days, from May 2002 to August 2003. LBBI’s case as petitioner covered 39 days, and MHFA as respondent consumed the balance. LBBI presented 11 fact witnesses, and its principal expert testified for six days. Although not provided with the entire transcript, this Court did receive pages numbering as high as 9,545, and this was before the parties presented closing arguments.
It was not until after the close of the evidence in the arbitration claims between LBBI and MHFA that the Appeals Court rendered its decision on Travelers’ appeal.[4] The final two paragraphs of the Appeals Court Opinion read as follows:
Pursuant to G.L.c. 251, Sec. 2A, a party may apply to the Superior Court for an order to consolidate one arbitration proceeding with another. The circumstances here warrant a consolidation order. The Long Bay/MHFA arbitration and the MHFA/Travelers dispute arise from the veiy same contract[5] and involve common issues of law. Long Bay has not shown it would be unduly prejudiced by consolidating the proceedings.
The Superior Court’s order of December 18, 2001, is vacated, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.
Travelers Casualty and Surety Company of America, Inc. v. Long Bay Management Company, 58 Mass.App.Ct. 786, 792-93 (2003).
Despite the Appeals Court’s direction to this Court in its remand for further proceedings consistent with its opinion, the parties did not come before this Court seeking any further order. Instead, apparently over LBBI’s objection, the Arbitration Panel opened up the hearing, for a short two days, to permit Travelers to put on its case without awaiting any action by the Superior Court. LBBI was not permitted by the Arbitrators to actively participate in this small part of the arbitration hearings.
On April 5, 2004, the Arbitrators executed their Award. On the issues between LBBI and MHFA, the Arbitrators found that LBBI’s actions in terminating its agreement with MHFA “were anticipatory in that it had no basis to terminate the agreement and cease work on September 26, 2000, either at common law or under any specific terms of its Agreement with MHFA.” The Panel then found that “MHFA had a right under the Agreement to terminate the Agreement with LBBI because of its cessation of the work and notice of termination.”
The Award went on to sort out various monetary claims between LBBI and MHFA. This produced an order that “MHFA shall pay to LBBI the sum of $220,174.00, plus interest in the amount of $81,289.00, for a total of Three Hundred One Thousand Four Hundred Sixty Three Dollars and No Cents ($301,463.00).” The Award bears interest at the rate of 12% until paid in full.
Travelers’ claim against MHFA for $5,003,000 for the cost to complete Phases II and III was denied; as was MHFA’s claim against Travelers for legal fees.
*332 DISCUSSION
This is the posture in which LBBI has moved to have the Arbitrators’ Award vacated, and Travelers has conditionally moved for the same relief. The grounds for the vacation are: (1) the Arbitrators exceeded their powers; (2) the Arbitrators refused to postpone the hearing upon sufficient cause being shown therefor; and (3) the Arbitrators demonstrated evident partiality against LBBI.
Despite the statement at the beginning of this memorandum, this arbitration proceeding, now within days of four years from its initial demand, has not been “speedy and not subject to delay and obstruction in the courts.” This Court — already a contributor, among others — will attempt to bring its role to a close.
Arbitration has long been recognized as a simplified procedure for settling commercial disputes. See Floors, Incorporated v. B.G. Danis of New England, Inc., 380 Mass. 91, 99 (1980).
Public policy strongly favors arbitration. Drywall Systems, Inc. v. ZVI Construction Co., 435 Mass. 664, 669 (2002); Commerce & Industry Ins. Co. v. Bayer Corp., 433 Mass. 388, 397 (2001); Hague v Piva, 61 Mass.App.Ct. 223, 228 (2004).
A Court should vacate an arbitral award only in rare circumstances such as when there was misconduct by the arbitrators, when the arbitrators exceeded the scope of their authority, when the award was made in manifest disregard of the law, or where the arbitrators decided a matter on fraud, arbitrary conduct or procedural irregularities in the hearings. See, e.g., Connecticut Valley Sanitary Waste Disposal, Inc. v. Zielinski, 436 Mass. 263, 267-68 (2002); School Committee of Hanover v. Hanover Teachers Ass’n, 435 Mass. 736, 740 (2002).
Once parties are in the arena of arbitration, the powers of the arbitrators concerning the issues before them are wide, and the scope of judicial review of arbitration proceedings is narrow. Barletta v. French, 34 Mass.App.Ct. 87, 93 (1993). For example, a Court cannot pass upon allegations of errors of law by the arbitrators. See, e.g., Drywall Systems, supra, 435 Mass. at 674; Softkey, Inc. v. Useful Software, Inc., 52 Mass.App.Ct. 837, 839 (2001).
It is important that a Court not make an arbitration proceeding into a hybrid, part judicial and part arbitrational. Stop & Shop Companies, Inc. v. Gilbane Building Company, 364 Mass. 325, 330 (1973); Cavanaugh v. McDonnell & Co., 357 Mass. 452, 457 (1970).
With that legal background, this Court now assesses LBBI’s arguments for vacating the Award here. LBBI, in its memorandum in support of its motion to vacate the Award, focuses on five separate, but sometimes interrelated, items: (1) “The Arbitrators Resumed the Hearings Without a Ruling From the Superior Court as to Long Bay’s Involvement in the Travelers’Arbitration”; (2) “The Arbitrators Refused to Allow Long Bay to Participate in the Travelers’ Arbitration”; (3) “The Arbitrators Refused to Hear Material Evidence to the Matter and Otherwise Obstructed LBBI’s Ability to Conduct the Hearing”; (4) “The Arbitrators’ Award is Inconsistent With Its Own Terms”; and (5) “The Arbitrators Failed to Fully Consider Long Bay’s Delay Calculations.”
LBBI’s claims fall into three categories: (1) the Arbitrators exceeded their powers; (2) the Arbitrators refused to postpone the hearing upon sufficient cause being shown therefor; and (3) the Arbitrators demonstrated evident partiality against LBBI. The latter two categories relate to the Arbitrators’ conduct of the proceedings, which are matters which courts are specifically told to avoid. Nevertheless, this Court will address each of the five categories separately.

The Arbitrators Resumed the Hearings Without a Ruling from the Superior Court as to Long Bay’s Involvement in the Travelers’ Arbitration.

In making this argument, LBBI faults the Arbitrators for sua sponte consolidating the Travelers’ arbitration with the LBBI arbitration without awaiting the rescript from the Appeals Court and a specific order from this Court. This Court, while agreeing that the procedure was as described, does not find this a situation that warrants vacating either the arbitration Award in the LBBI/MHFA aspect of the proceedings or in the Travelers/MHFA aspect.
The Appeals Court’s Opinion leaves no doubt whatsoever that it vacated this Court’s order of December 18, 2001, and remanded the case for further proceedings consistent with that Opinion. Certainly, it would be inappropriate for this Court to defy the Appeals Court and do anything other than direct the consolidation of the Travelers’ arbitration with MHFA with the LBBI arbitration with MHFA. While the Arbitrators may have jumped the gun a bit, the result was wholly consistent with what this Court was told to do by the Appeals Court.
Further, the determination as to how the consolidated proceeding was to be conducted, once the consolidation was completed, was a matter for the Arbitral Panel to regulate, not for this Court. It is not without significance that, by this point in time, the Panel had already completed a 50-day hearing on LBBI’s claims. The Panel surely knew a vast amount about LBBI’s position and cannot be faulted for wanting to bring the whole matter to a close. LBBI’s position exalts form over substance and cannot be a basis for vacating the Award. To rule otherwise surely would be to create that hybrid, part judicial and part arbitrational, frowned upon by the Supreme Judicial Court in Stop & Shop Companies, Inc., supra 364 Mass. at 330, and Cavanaugh, supra, 357 Mass. at 457.
Should an appellate court reviewing this decision consider there to be an unfilled procedural gap that might warrant vacating the Award rendered, this Court will attempt to obviate that situation by announcing here, nunc pro tunc, that it Orders the *333 consolidation of the Travelers’ arbitration with MHFA with the arbitration between LBBI and MHFA, and directs the Arbitral Panel to structure and conduct the balance of the proceedings as that Panel deems appropriate under the circumstances. This Court considers it inappropriate for it to add still further delay to the resolution of this arbitration proceeding.

The Arbitrators Refused, to Allow Long Bay to Participate in the Travelers’ Arbitration.

This is one of those kinds of complaints that relate to the conduct of the arbitral hearing. That conduct is for the Arbitrators, not an after-the-fact-Court, to regulate and control. The Travelers’ arbitration involved matters between Travelers and MHFA. To close off participation by LBBI, which had already completed 50 days of hearings on LBBI’s issues, was not the kind of abuse by the Arbitral Panel that warrants judicial interference or correction. Indeed, the Travelers’ arbitration only lasted a day and a half and the ultimate Award in the Travelers’ matter did not affect the Award regarding LBBI.

The Arbitrators Refused to Hear Material Evidence to the Matter and Otherwise Obstructed LBBI’s Ability to Conduct the Hearing.

This Court has not been presented with — nor should it be — the entire transcript of the 50-plus days of arbitration hearings, and it certainly has not reviewed the hundreds, perhaps thousands, of pages of exhibits presented and considered. Further, this Court should not act as an appellate reviewer of the arbitration proceedings. To do so would, improperly, strip the arbitral proceedings from its intended simplicity, would delay the ultimate result, and would constitute an improper obstruction by the courts, all as prohibited by the Supreme Judicial Court in Lawrence v. Falzarano, 380 Mass. 18, 28 (1980), and Quirk, supra, 379 Mass. at 767.
This Court is unable to assess properly this particular complaint by LBBI, nor should it be asked to do so. It can say, however, that what it was shown of the transcripts of the proceedings did not support these charges. Nor did the transcripts reflect any “evident partiality” on the part of the Arbitral Panel or any particular member thereof.

The Arbitrators’ Award is Inconsistent With Its Own Terms.

Again, this Court is being asked to assess the legal and factual correctness of the Award. This is precisely what it should not be doing — and it will not. See, e.g., Drywall Systems, supra, 435 Mass, at 674; Softkey, supra, 52 Mass.App.Ct. at 839; Trustees of Boston and Maine Corp. v. MBTA, 363 Mass. 386, 392 (1973).

The Arbitrators Failed to Fully Consider Long Bay’s Delay Calculations.

This issue is not substantively different from the matter just discussed above. This Court will not get involved in it.
ORDER
For the foregoing reasons, The Defendant Long Bay Management Co., d/b/a Long Bay Builders, Inc.’s Motion to Vacate Arbitration Award, (Paper #22 in case No. 01-5490 BLS), and the Conditional Motion to Vacate Arbitration Award, (Paper #24 in case No. 01-5490 BLS and Paper #52 in case No. 01-5749 BLS), by Travelers Casually and Surety Company of America, Inc., are each DENIED.

This is as recited in the Arbitration Award. In pleadings in these cases the parties suggest that the date is January 31, 2001. It does not matter here.

The Panel of Arbitrators previously had taken the same position.

It is not clear that the Appeals Court was advised that the arbitral hearing between LBBI and MHFA had concluded before the August 7, 2003 date when that court’s decision was entered. Neither the Opinion, nor the rescript therefrom, makes any mention of the status of the arbitration hearings.

The arbitration clause is in the Construction Contract between LBBI and MHFA. Because that contract was incorporated by reference in the Bond, the Appeals Court considered that enough to hold that the “Long Bay/MHFA arbitration and the MHFA/Travelers dispute arise from the very same contract.” Id. at 789-90.