SUN FIRE PROTECTION & ENGINEERING, INC. *vs.* D.F. PRAY, INC., & another.[1] No. 08-P-180. January 13, 2009. *Arbitration,* Judicial review, Authority of arbitrator, Attorney's fees. *Practice, Civil,* Attorney's fees.

After a judge of the Superior Court allowed the parties' joint motion for a stay, the parties, by stipulation, agreed to binding arbitration with the American Arbitration Association. Among other things, the dispute included a claim brought under G. L. c. 149, § 29, which provides for the award of reasonable

---

[1]Centennial Insurance Company.

attorney's fees to a prevailing plaintiff. See *Floors, Inc.* v. *B.G. Danis of New England, Inc.*, 380 Mass. 91, 93 (1980) (legal fees incurred pursuing a successful claim under G. L. c. 149, § 29, are recoverable).

After hearing, the arbitrator made an award to the plaintiff, which included $17,750 for "non-arbitration" attorney's fees. The defendants appeal from this aspect of the award, as well as from the Superior Court's subsequent confirmation of the award and award of postarbitration attorney's fees ($2,250), costs ($300), and travel expenses ($315.99).

Pursuant to G. L. c. 251, § 12(*a*), arbitrators' awards will be vacated in only limited circumstances, such as where "the arbitrators exceeded their powers." G. L. c. 251, § 12(*a*)(3), inserted by St. 1960, c. 374, § 1. An arbitration award will not be overturned, even if the arbitrator makes an error of law or fact, as long as he does not "overstep the limits of the issues submitted to" him. *Softkey, Inc.* v. *Useful Software, Inc.*, 52 Mass. App. Ct. 837, 839 (2001). Here, the defendants argue that the arbitrator acted outside his authority in awarding pre-arbitration attorney's fees because (a) the agreement to arbitrate did not authorize the arbitrator to award attorney's fees and (b) in any event, he was precluded from doing so because all of the claims were resolved in arbitration, rather than by the court. We disagree.

"It is the legal presumption, unless the contrary appears, that arbitrators pursue the submission and decide only the matters therein contained . . . . And it is incumbent on a party who seeks to impeach an award, on the ground that the arbitrators have not so done, to show that they have not." *Worcester* v. *Granger Bros.*, 19 Mass. App. Ct. 379, 386 (1985), quoting from *Fazio* v. *Employers' Liab. Assur. Corp.*, 347 Mass. 254, 257 (1964), quoting from *Sperry* v. *Ricker*, 4 Allen 17, 19-20 (1862). Here, the defendants have made no such showing. The arbitrator found that, for the duration of the arbitration proceeding, "it was clear to all that Claimant sought an award of attorney's fees . . . related to its prosecution of the Superior Court action under M.G.L. c. 149, s. 29." Moreover, the defendants acknowledged at oral argument that at the time they sought to stay the Superior Court action and stipulated to binding arbitration, they understood that the plaintiff was seeking its attorney's fees as part of its c. 149 claim.

As to the defendants' second argument, we have previously held that G. L. c. 251, § 10, does not preclude the award of pre-arbitration attorney's fees and expenses, i.e., fees and expenses incurred before the claims were submitted to arbitration.[2] See *LaRoche* v. *Flynn*, 55 Mass. App. Ct. 419, 420 (2002) (allowing pre-arbitration attorney's fees, but reversing award of fees incurred in arbitration). In the context of claims under G. L. c. 149, § 29, the Supreme Judicial Court has held that, although "[l]egal fees incurred in filing the complaint and obtaining judgment" may be awarded, those incurred while "obtaining and confirming the arbitration award may not." *Floors, Inc.* v. *B.G. Danis of New England, Inc.*, 380 Mass. at 100. Here, the arbitrator limited himself to awarding only pre-arbitration fees and, hence, he did not act outside of his authority. The defendants have not articulated, nor do we perceive, any reason why the rule of *Floors* should be limited to attorney's

---

[2]The parties do not dispute that the fees awarded by the arbitrator were incurred solely in connection with the litigation before the parties agreed to submit to binding arbitration.

fee awards made by judges. Indeed, there is no contention that the issue of attorney's fees was not litigated as fully, or without the same incentives and evidence, before the arbitrator as it would have been before a judge. Hence, we see no reason to limit the holding of *Floors* to attorney's fee awards made by judges.[3]

However, the Superior Court judge erred in awarding attorney's fees that were incurred solely in connection with obtaining confirmation of the arbitration award. "Legal fees incurred while . . . acting to confirm, modify, vacate or correct an arbitration award are simply not the direct result of the right of action created by c. 149, § 29," and cannot be recovered. *Id.* at 99-100. For similar reasons, we decline to award the plaintiff its fees and costs on appeal.

The amended judgment dated January 7, 2008, confirming the arbitration award, is modified as follows: The award of $2,250 in postarbitration fees is struck, and the award of travel costs is reduced to $235.18.[4] As so modified, the amended judgment is affirmed.

*So ordered.*

*Richard E. Briansky* for the defendants.
*Anthony E. Battelle* for the plaintiff.

---

[3]The defendants attempt to distinguish *Floors* on two grounds, both of which are incorrect. First, contrary to the defendants' contention, there is nothing in *Floors* to suggest that the surety did not participate in the arbitration. To the contrary, "all parties to the arbitration [we]re also parties to the action." *Floors,* 380 Mass. at 95. Second, the defendants are also incorrect when they contend that *Floors* allowed attorney's fees only on claims "resolved" by the court. To the contrary, attorney's fees were allowed on claims resolved by the arbitrator, provided the fees were incurred before the claim was submitted to arbitration. *Id.* at 100.

[4]The $300 in filing costs and $235.18 of the travel expenses were correctly awarded by the Superior Court because they were incurred during the pre-arbitration litigation proceedings. One-third of the post-2005 travel expenses (i.e., $80.81 worth) postdated the arbitration and, accordingly, were not properly awarded.

