Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 09-2443

JRA ARCHITECTS & PROJECT MANAGERS, P.S.C., ET AL.,

Plaintiffs, Appellees,

v.

FIRST FINANCIAL GROUP, INC., ET AL.,

Defendants,

_____

NILSA ORTÍZ-ALVARADO,

Defendant, Appellant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Francisco A. Besosa, U.S. District Judge]

_____

Before

Lipez, Howard and Thompson,
Circuit Judges.

_____

Alfredo Castellanos, Dayra Amill-Acosta and Castellanos & Castellanos Law Firm, P.S.C., on brief for appellant Nilsa Ortíz-Alvarado.
Jorge J. Oppenheimer-Méndez, Oppenheimer-Soltero Retirement Plan Trust and Julie Soltero-Rinaldi on brief for appellees.

_____

May 21, 2010

_____

**Per Curiam**.  This appeal arises from the district court's allowance of the plaintiffs' voluntary dismissal--without prejudice and without any conditions--of the complaints in two consolidated cases.  The sole appellant, Nilsa Ortíz-Alvarado ("Ortíz"), is a defendant in both cases.

Where, as here, a defendant has answered the complaint or moved for summary judgment,[1] a plaintiff cannot unilaterally dismiss an action without court approval "on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  The purpose of requiring such approval is to ensure that "'no other party will be prejudiced.'"  Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000) (quoting P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981)).  Accordingly, in ruling on a motion for voluntary dismissal, "[t]he district court is responsible . . . for exercising its discretion to ensure that such prejudice will not occur."  Id.

In exercising that discretion, "courts typically look to 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'"  Id. (quoting Pace v. S. Express

---

[1]Ortíz filed an answer in both cases and a motion for summary judgment in the JRA case.

-2-

Co., 409 F.2d 331, 334 (7th Cir. 1969)). Although "courts need not analyze each factor or limit their consideration to these factors," id. (citing Tyco Labs., Inc. v. Koppers Co., 627 F.2d 54, 56 (7th Cir. 1980)), they serve as "a guide for the trial judge, in whom the discretion ultimately rests." Tyco, 627 F.2d at 56.

This court's review of a district court's approval of a voluntary dismissal is for abuse of discretion, Doe, 216 F.3d at 160, which can occur not only by failing to consider a significant factor, relying on an improper factor, or making a serious mistake in weighing the applicable factors, but also by failing to exercise its discretion at all. Janney Montgomery Scott LLC v. Tobin, 571 F.3d 162, 166 (1st Cir. 2009) (so holding with respect to a discretionary award of attorneys' fees). Where, as here, the district court provides no explanation for dismissing a case without prejudice and without imposing any conditions on the moving party, such as paying the opposing party's attorneys' fees or costs, and no reason for doing so is apparent from the record, this court cannot assess whether an abuse of discretion has occurred. Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc., 481 F.3d 926, 930-931 (6th Cir. 2007); Conafay by Conafay v. Wyeth Labs., 793 F.2d 350, 354 (D.C. Cir. 1986). Indeed, "the best we can do [under those circumstances] is to conclude that the district court abused its discretion by not exercising it," Janney, 571

-3-

F.3d at 166, and to remand for explicit consideration of the appropriate factors, Urohealth, 216 F.3d at 163.

If, instead, the district court had provided "some indication" of its reasons for rejecting Ortíz's colorable arguments for dismissing the case with, rather than without, prejudice or for imposing conditions on the dismissal to ensure that she is not unduly prejudiced by the dismissal, then remand would not be required. Bridgeport Music, 481 F.3d at 931; In re Bayshore Ford Truck Sales, Inc., 471 F.3d 1233, 1259 (11th Cir. 2006). Citing relevant factors--her considerable expense in actively defending the cases, the plaintiffs' relative lack of diligence, the pendency of dispositive motions in both cases, and the inadequacy of the plaintiffs' reasons for seeking dismissal-- Ortíz argued below that the cases should be dismissed with prejudice or with conditions, and she presses those arguments on appeal. Those arguments may, or may not, be sound in the circumstances of these cases, and other factors may weigh in favor of dismissal without prejudice or conditions. But the district court, which was actively involved in the management of these complex cases, is in a better position to apply and weigh such factors, at least in the first instance.

The voluntary dismissals are vacated, and the case is remanded to the district court for further proceedings. Each party shall bear its own costs.

-4-